**UNITED STATES of America**

**v.**

**REYNOLDS METALS COMPANY.**

**Crim. No. 71–C–43.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Feb. 27, 1973.

Ellis C. McCullough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

R. Kinnan Golemon, Corpus Christi, Tex., for defendant.

MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

The Defendant Reynolds Metals Company was originally charged by criminal information with violating the Rivers and Harbors Act of 1899, 33 U.S.C.A. §§ 407 and 411, on or about August 28, 1972, by discharging into a navigable waterway of the United States, to wit,

---

La Quinta Ship Channel, a quantity of refuse matter, oil, from its shore facility at Ingleside, Texas.

The Defendant Reynolds moved to suppress all the evidence in the case which stemmed from the notification of the oil spill which was given by an employee of the Defendant to the United States Coast Guard. This motion was predicated on the provisions of the Federal Water Pollution Control Act, 33 U.S.C.A. § 1161(b)(4), which require the "person in charge" of an on-shore facility to immediately report discharges of oil into the surrounding water to the appropriate federal agency, and protect "any such person" making the disclosure from the use of such notification or information obtained by the exploitation thereof "in any criminal case" against him. This Court, at that time, concluded the corporate owner-operator was not a "person in charge" within the meaning of Section 1161 of the Act, and thus was not entitled to take advantage of that immunity. It appeared to the Court that such an interpretation of the Act would open the doors for the avoidance of deliberate pollution by making a proper report of it.

The motion to suppress the evidence was overruled and the Defendant Reynolds was tried on July 21, 1972, and found guilty of violating the Rivers and Harbors Act of 1899, and a fine of $1,000 was assessed. Defendant Reynolds then moved for a new trial, but consideration of such motion was held in abeyance, and, by order of this Court, execution of the sentence imposed was suspended pending the resolution of the case of *United States v. Mobil Oil Corporation*, then pending before the Fifth Circuit. That case was decided shortly, on July 26, 1972, and is reported in 464 F.2d 1124 (5th Cir. 1972). A motion for an en banc hearing was denied August 8, 1972, and so far as this Court has determined, further appellate action was not completed. In that case, the Fifth Circuit held that a corporate owner-operator charged with a violation of the Rivers and Harbors Act of 1899, 33 U.S.C., §§ 407, 411, was a "person in charge" within the meaning of 33 U.S.C. § 1161, and was entitled to the immunity provided in 33 U.S.C.A. § 1161(b)(4).

This Court concludes it must follow *Mobil,* although it is still of the opinion that the Court of Appeals' decision has an emasculating effect on the provisions of the Act with which we are here concerned. However, having now considered Defendant Reynolds' motion for a new trial in the light of the *Mobil* decision, it is ordered by this Court that the Defendant Reynolds' motion for a new trial, be, and it is hereby, granted. The Clerk will furnish copies of this order to the appropriate counsel.